**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4513**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SANTURON CURETON,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00216-FDW-DSC-1)

───────────────

Submitted:  August 23, 2023                Decided:  December 18, 2023

───────────────

Before THACKER and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Sandra Payne Hagood, LAW OFFICE OF SANDRA PAYNE HAGOOD, Chapel Hill, North Carolina, for Appellant. Elizabeth Margaret Greenough, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Santuron Cureton pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced Cureton to a total of 180 months' imprisonment and he now appeals. Cureton's sole argument on appeal is that counsel rendered ineffective assistance at sentencing. The Government has moved to dismiss Cureton's appeal on the basis that the record does not conclusively establish that his trial counsel was ineffective and, therefore, Cureton's claims of ineffective assistance are not cognizable on direct appeal. For the following reasons, we affirm.

To demonstrate constitutionally ineffective assistance of counsel, a defendant must establish both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984). An attorney's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

2

proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.

Claims of ineffective assistance are cognizable on direct appeal only where ineffective assistance "conclusively appears on the face of the record."  *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).  Generally, a defendant should instead raise ineffective assistance of counsel claims in a 28 U.S.C. § 2255 motion, to permit sufficient development of the record.  *Id.* at 508; *see Massaro v. United States*, 538 U.S. 500, 504-06 (2003).

Cureton argues that his counsel was deficient by waiving a challenge to whether his prior South Carolina convictions qualified as controlled substance offenses under U.S. Sentencing Guidelines Manual § 2K2.1(a)(3) (2021), in light of this court's decision in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), and by not requiring the Government to provide evidence showing the statutes under which Cureton was convicted. The present record does not conclusively establish that Cureton's trial counsel rendered ineffective assistance.  *See Faulls*, 821 F.3d at 507-08. Therefore, Cureton's claim is not cognizable on direct appeal.

Accordingly, although we deny the Government's motion to dismiss the appeal, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3